IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARIO SANTANA SARABIA**, <br><br> Petitioner, <br><br> v. <br><br> **ISRAEL JACQUEZ**, <br><br> Respondent. | Case No. 3:24-cv-00379-JE <br><br> **ORDER ADOPTING WITH CLARIFICATION THE FINDINGS AND RECOMMENDATION** |

Mario Santana Sarabia, No. 18788-084, FCI Sheridan Camp, P.O. Box 6000, Sheridan, OR 97378. Pro Se.

Joshua Keller, Assistant United States Attorney, and Natalie K. Wight, United States Attorney, United States Attorney's Office for the District of Oregon, 1000 SW Third Ave., Ste. 600, Portland, OR 97204. Attorneys for Respondent.

**IMMERGUT, District Judge.**

On August 5, 2024, Magistrate Judge John Jelderks issued his Findings and Recommendation ("F&R"), ECF 7, recommending that this Court dismiss Petitioner Mario Santana Sarabia's Petition for Writ of Habeas Corpus, ECF 1. No party filed objections. This Court has reviewed the F&R for clear error. For the following reasons, this Court ADOPTS Judge Jelderks's F&R with the following clarification.

PAGE 1 – ORDER ADOPTING WITH CLARIFICATION THE F&R

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

**DISCUSSION**

Petitioner argues that he has earned sufficient time credits under the First Step Act to be immediately placed on home confinement, but that the U.S. Bureau of Prisons has failed to properly award him credit from the time he was sentenced. ECF 1 at 2, 6.

Judge Jelderks found that the Petitioner's "home detention eligibility date is currently November 16, 2024, assuming he earns all available good conduct time." F&R, ECF 7 at 3. According to Respondent, Petitioner has been credited with all the First Step Act time credits to which he is entitled. ECF 6 ¶¶ 4, 7. Petitioner did not file an objection to this finding. Failure to object to a magistrate judge's factual findings "waives the right to challenge those findings." *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). This Court therefore ADOPTS these findings and, based on them, concludes there is no relief that may be provided to Petitioner. His Petition is DISMISSED.

This Court offers the following clarification of the F&R. Judge Jelderks recommends this Court dismiss the Petition for Writ of Habeas Corpus for lack of subject-matter jurisdiction, concluding that, "[b]ecause success on Petitioner's claim would not necessarily shorten the duration of his sentence, the claim does not lie at the core of habeas corpus." F&R, ECF 7 at 3–4.

A claim falls "within the core of habeas" when, if successful, it "terminates custody, accelerates the future release from custody, or reduces the level of custody." *Munoz v. Smith*, 17 F.4th 1237, 1240 (9th Cir. 2021) (alterations omitted) (quoting *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016)). While Petitioner's claim would not necessarily shorten the duration of his sentence, it is unclear to this Court whether a transfer to home confinement could "fairly be described as a quantum change in the level of custody" such that it could form the basis of a habeas claim. *Fiorito v. Entzel*, 829 F. App'x 192, 193 (9th Cir. 2020). Given that the Ninth Circuit has "not provided definitive guidance on the scope of relief available" to a federal prisoner under § 2241, *Ahmad v. Jacquez*, 860 F. App'x 459, 464-65 (9th Cir. 2021) (Silver, J., concurring), this Court will not conclusively determine at this time that a transfer to home confinement falls outside the core of habeas corpus.

Even if this Court has jurisdiction over the Petition, however, Petitioner is not entitled to the relief he seeks. All credits to which he is entitled have been applied, and he is not eligible for immediate placement on home confinement. His Petition is properly dismissed.

## CONCLUSION

This Court has reviewed for clear error Judge Jelderks's F&R. Judge Jelderks's F&R, ECF 7, is adopted with clarification. This Court DISMISSES the Petition for Writ of Habeas Corpus, ECF 1.

**IT IS SO ORDERED**.

DATED this 24th day of September, 2024.

                                               /s/ Karin J. Immergut
                                             Karin J. Immergut
                                             United States District Judge